# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| BRENDA SAHAWNEH, </br>     Plaintiff, </br> </br> v. </br> </br> ERICA CURRY, *et al.* </br>     Defendants. | ) </br> ) </br> ) </br> )  CAUSE NO. 2:17-CV-59-RL-JEM </br> ) </br> ) </br> ) |

## OPINION AND ORDER

This matter is before the Court on a Motion to Compel [DE 25], filed by Defendant Allstate Property and Casualty Insurance Company on August 3, 2017. Allstate requests that the Court compel Plaintiff to respond to Allstate's Interrogatories and Requests for Production. Plaintiff filed a response on August 8, 2017. Allstate has not filed a reply, and the time to do so has passed.

Under both Federal Rule of Civil Procedure 37 and Northern District of Indiana Local Rule 37-1, parties must "in good faith" confer or attempt to confer before filing a motion to compel. Allstate first served its discovery request on March 20, 2017. On June 27, 2017, Allstate's counsel sent a letter to Plaintiff's counsel requesting a response within ten business days. On July 25, 2017, Allstate's counsel emailed Plaintiff's counsel asking when responses would be received, and was told "by the first of next week"–presumably intending Monday, July 30, 2017.

In Plaintiff's response to the instant Motion, Plaintiff's counsel represents that on August 3 an employee or agent of Allstate's counsel called his office and indicated that a response was needed "by the end of the week," i.e. August 4, 2017; that Plaintiff's counsel attempted to hand-deliver the requested response on that date and found no-one in counsel for Allstate's office and no place to leave deliveries; and that Plaintiff's counsel subsequently caused the requested discovery to be sent by U.S. mail on that date. Allstate has filed no reply countering these factual allegations. From these

facts, the Court concludes that Allstate has received the discovery it requested, rendering its motion moot.

If discovery is provided after a motion to compel is filed, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the Court must not order payment if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action" or if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i), (ii).

Based on the facts before it, the Court concludes that fees would not be appropriate in this case. The good faith requirement is intended to have parties work out their discovery disputes on their own, to actually attempt to get requested discovery. *See Compass Bank v. Shamgochian*, 287 F.R.D. 397, 399 (S.D. Tex. 2012) ("The good faith language [in Rule 37] encompasses, among other things, honesty in one's purpose to meaningfully discuss the discovery dispute . . . and faithfulness to one's obligation to secure information without court action.") (internal citations and quotation marks omitted). Allstate's oral assurance that it would accept Plaintiff's response on August 4 made the filing of its motion on August 3 premature and in violation of Federal Rule 37.

Accordingly, the Court **DENIES as moot** Defendant Allstate Property and Casualty Insurance Company's Motion to Compel [DE 25] and declines to award fees in this matter.

SO ORDERED this 25th day of August, 2017.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record