**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| BRENDA SAHAWNEH,<br>    Plaintiff,<br><br>v.<br><br>ERICA CURRY, *et al.*,<br>    Defendants. | )<br>)<br>)<br>)  CAUSE NO. 2:17-CV-59-RL-JEM<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on Defendant Erica Curry's Motion to Exclude Expert Testimony [DE 28], filed December 6, 2017, and Defendant Erica Curry's Motion to Exclude Plaintiff's Witnesses [DE 33], filed June 1, 2018. Defendant Curry requests that the Court exclude Plaintiff's expert testimony and witnesses from trial because Plaintiff has repeatedly missed Court deadlines. Plaintiff filed a response on June 22, 2018, and on June 29, 2018, Defendant Curry filed a reply.

**I.    Background**

On May 4, 2017, the Court set a deadline for initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) for May 15, 2017, and made October 30, 2017, the deadline for expert disclosures pursuant to Rule 26(a)(2). The Court extended for the initial disclosure deadline to May 18, 2018. On May 18, 2018, Plaintiff sent a list of disclosures to Defendant, but it did not include a list of witnesses as required by Rule 26(a)(1)(A)(i). Counsel for Defendant sent a reminder the same day, and counsel for Plaintiff responded four days later, promising the witness list "asap." Defendant states that the witness list still has not been produced.

On June 7, 2018, the Court held a status conference at which Plaintiff's counsel argued that Plaintiff's failure to make the required disclosures was "substantially justified" due to medical issues

from which Plaintiff was suffering. The Court ordered Plaintiff to file a motion listing all reasons necessary for a discovery extension by July 9, 2018, and ordered discovery stayed until that motion was briefed. On June 22, 2018, Plaintiff filed a response to Defendant's Motion to Exclude, stating that Plaintiff could not "physically and/or mentally respond to deadlines set for discovery" because of "health and disability issues" of both Plaintiff and her counsel. Plaintiff states that because of the accident that led to this case, she suffers from migraine headaches, depression, arthritis, and neck, back and leg pain. Independently, Plaintiff's counsel has a cardiac condition and related complications. Although Plaintiff's response was not a Motion, and therefore cannot provide a basis to modify the discovery schedule, *see* Northern District of Indiana Local Rule 7-1(a), it contains a request that the Court "reset all deadlines for at least six (6) months or more."

**II.     Analysis**

If a party fails to provide information or identify a witness as required by Rule 26(a), the party may not use that information or witness at trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). In deciding whether a failure to disclose is substantially justified or harmless, courts consider the following factors: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012) (quoting *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)).

In general, under Federal Rule of Civil Procedure 6, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (A) before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). Moreover, when the Court has entered an

2

order setting discovery deadlines, that schedule can only be modified for "good cause." Fed. R. Civ. P. 16(b)(4). The "good cause" standard under Rule 16 is stricter than that of Rule 6, because the movant must show diligence, not just excusable neglect, to justify the extension. *See McCann v. Cullinan*, No. 11-CV-50125, 2015 WL 4254226, at *10 (N.D. Ill. July 14, 2015) (comparing the two standards); *Simstad v. Scheub,* No. 2:07-CV-407, 2014 WL 5094142, at *1 (N.D. Ind. Oct. 10, 2014) ("good cause is shown when despite a party's diligence, the deadlines could not reasonably have been met"). In determining whether good cause under Rule 16 has been shown, the Court's primary inquiry is the diligence of the requesting party. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011).

With regard to the exclusion of Plaintiff's experts and other witnesses, Defendant does not argue that it has been unduly prejudiced by Plaintiff's failure to meet deadlines. The Court cannot conclude that Plaintiff or her counsel is missing deadlines willfully or in bad faith; there is no discernible incentive for Plaintiff to intentionally stall the prosecution of her own case. Although the delays have caused disruption to the trial dates, the Court finds that those delays are justified by the medical issues of Plaintiff and her counsel.[1]

With regard to the extension of the discovery schedule, even if Plaintiff had timely filed a motion, the Court could not grant Plaintiff's request to extend all deadlines for six months or more. Even accounting for their medical issues, Plaintiff and her counsel have not met their burden of diligence in attempting to meet the deadlines and in seeking the extensions. Rather, Plaintiff's pattern of missed deadlines in this case suggests neglect. For example, in the case of the initial disclosures, Plaintiff sent a list of exhibits, but did not identify witnesses, despite opposing counsel's reminder,

---

[1] Although the deadline for disclosure of Defendant's expert witness disclosures and reports was December 29, 2017, the Court notes that Defendant did not argue it was prejudiced by making its disclosures before Plaintiff's, nor did Defendant seek an extension to make its disclosures.

3

and despite the fact that the initial disclosures were originally due on May 15, 2017, over a year earlier. While Plaintiff states in conclusory fashion that her medical issues "prevented her to cooperate with her attorney," it does not state what additional information Plaintiff's counsel needs from his client to identify witnesses, why that information was still outstanding more than a year after it was originally due, and why it could not be obtained by other means. Without more details, it is hard to conclude that the "deadline[s] could not reasonably have been met." *Simstad*, 2014 WL 5094142 at *1.

Nor has the Plaintiff shown excusable neglect as required by Federal Rule 6(b)(1). Assuming that Plaintiff's injuries prevented her and her counsel from compiling a list of witnesses but not a list of exhibits, Plaintiff should have resolved that issue by filing a motion for extension before the appropriate deadline. Even though they have legitimate medical issues, Plaintiff and her counsel cannot simply let the deadlines pass by. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 883 (7th Cir. 2012) (denying leave to file after a deadline when counsel "failed to demonstrate that his illness was of such a magnitude" that he could not request an extension); *see also Modrowski v. Mote*, 322 F.3d 965, 968 (7th Cir. 2003) (concluding that for equitable tolling purposes, "attorney incapacity is equivalent to attorney negligence"). The Court expects that its deadlines will be respected, because they promote orderly and efficient litigation. *See Spears v. City of Indianapolis*, 74 F.3d 153, 157-58 (7th Cir. 1996). If they are not, the Court remains empowered to impose appropriate sanctions, up to and including dismissal of the action. *See* Fed. R. Civ. P. 37(b)(2)(A),(c)(1).

Plaintiff also filed a "Supplemental Motion" on July 13, 2018, "to be considered with Plaintiff's previous response." The deadline for providing the Court with the reasons for seeking an extension was July 9, 2018. Although Rule 6 would permit consideration of the Motion if the delay was caused by excusable neglect, Plaintiff offers no reason for the delay. Accordingly, the Court will

4

not consider Plaintiff's filing.

### III.     Conclusion

For the foregoing reasons, the Court **DENIES** Defendant Erica Curry's Motion to Exclude Expert Testimony [DE 28]; Defendant Erica Curry's Motion to Exclude Plaintiff's Witnesses [DE 33]; and Plaintiff's Supplemental Motion to Deny Defendant Erica Curry's Motion to Exclude Plaintiff's Witnesses [DE 38]. The Court **SETS** this matter for an in-person status hearing on **August 23, 2018 at 11:15 a.m.** (Central Time). The Court **ORDERS** Plaintiff to file a proposed discovery schedule, addressing each deadline that Plaintiff seeks to extend, by **August 17, 2018**. If Plaintiff continues to seek additional time to produce her initial disclosures pursuant to Rule 26(a)(1), or her expert disclosures pursuant to Rule 26(a)(2), Plaintiff should file a motion seeking those extensions in accordance with all applicable rules of procedure. The motion should indicate why those disclosures cannot be made immediately, and what additional information Plaintiff or her counsel needs to make the required disclosures. The Court **REAFFIRMS** that discovery remains stayed until this issue is resolved.

SO ORDERED this 1st day of August, 2018.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc:     All counsel of record